### BACHUS v. TOYE BROS. YELLOW CAB CO., Inc.*

#### No. 14427.

Court of Appeal of Louisiana. Orleans.

Dec. 19, 1932.

David Sessler, of New Orleans, for appellant.

Jos. Rosenberg, of New Orleans, for appellee.

JANVIER, J.

Plaintiff received injuries in an automobile accident and seeks recovery therefor. In the court below it was contended that there was no liability, but, it is now conceded that, under the evidence in the record, the only question for our consideration is whether the amount of the judgment rendered, to wit, $450, is correct.

The injuries consisted of a lacerated incised wound in the forehead and another small cut on top of the head. The first injury required five sutures. The latter seems to have been of minor consequence. Plaintiff was confined to her bed for less than a week and she was under regular treatment of her physician for about two weeks, although he was required to visit her periodically for a short time after that. The scar on top of the head is entirely hidden by hair and the evidence indicates that it will completely disappear in time. The other scar on the forehead is slightly more than two inches in length and is partially hidden by hair. Plaintiff is forty-seven years of age and has been married for twenty-four years.

In argument before us, counsel for plaintiff contended that the amount of the award should be increased to $600. There is so little difference between the $450 allowed and the $600 now claimed that we cannot undertake to grant the increase asked for. In determining what is just remuneration for physical injuries courts cannot attain the accuracy which is possible in other cases such as those on notes or for goods sold, etc. On the other hand, the award seems to be consistent with awards heretofore made in similar cases and for that reason we do not think it should be reduced. It is apparent that the injuries were not particularly serious for no claim is made for medical services. Though this is explained on the ground that the physician who treated plaintiff had known her for some forty years and that they were close friends, still we cannot but believe that, if the injuries had been very serious and had required extended treatment, some bill would have been rendered. At any rate we feel that substantial justice is done by the judgment as rendered.

The judgment appealed from is affirmed.

Affirmed.

HIGGINS, J., being absent, takes no part.

*Rehearing denied January 16, 1933.